PEOPLE v PIOTROWSKI

Docket No. 179091. Submitted June 8, 1995, at Lansing. Decided June 20, 1995, at 9:05 A.M.

Wendy S. Piotrowski pleaded no contest in the Bay Circuit Court, Lawrence M. Bielawski, J., to charges of armed robbery and unlawfully driving away an automobile and was sentenced to concurrent prison terms of five to twenty years for the armed robbery conviction and three to five years for the UDAA conviction. The defendant was seventeen years old when she broke into the mobile home of a seventy-eight-year-old woman, robbed the woman at knife point, and drove away in the woman's automobile. The defendant appealed.

The Court of Appeals *held:*

1. The trial court properly scored fifteen points under offense variable 5 of the sentencing guidelines. A preponderance of the evidence indicated that the victim was moved to a place of greater danger or to a situation of greater danger when the defendant ordered the victim out of the victim's bathroom and into the victim's bedroom, where she was bound and gagged.

2. By failing to cite any supporting authority, the defendant failed to preserve for appellate review her claim that the trial court erred in scoring ten points for prior record variable 7, which addresses concurrent felony convictions. The defendant argued that the UDAA should have been considered part of the same transaction as the armed robbery.

3. The trial court properly scored fifteen points for offense variable 7, offender exploitation of victim vulnerability. A preponderance of the evidence indicated that the defendant had exploited the victim on the basis of agedness.

4. The sentence of five to twenty years for armed robbery was within the range recommended by the sentencing guidelines and therefore is presumptively proportionate. The defendant's youthfulness and lack of a criminal record and the fact that the crime was inartfully perpetrated do not present unusual circumstances that make the presumptively proportionate sentence disproportionate.

Affirmed.

*Frank J. Kelley,* Attorney General, *Thomas L.*

*Casey,* Solicitor General, *Joseph K. Sheeran,* Prosecuting Attorney, and *Martha G. Mettee,* Assistant Prosecuting Attorney, for the people.

*Dana B. Carron,* for the defendant on appeal.

Before: MARILYN KELLY, P.J., and O'CONNELL and D. A. TEEPLE,* JJ.

O'CONNELL, J. Defendant pleaded nolo contendere to charges of armed robbery, MCL 750.529; MSA 28.797, and unlawfully driving away an automobile (UDAA), MCL 750.413; MSA 28.645. She received concurrent sentences of five to twenty years' imprisonment and three to five years' imprisonment, respectively. She now appeals as of right, contesting the scoring of the sentencing information report and the proportionality of the greater sentence. We affirm.

On August 28, 1993, the seventeen-year-old defendant, armed with a large chef's or butcher knife, broke into seventy-eight-year-old Rena Klinski's mobile home through the side window. Mrs. Klinski was in the living room watching television at the time, and was not immediately aware that her home had been entered by defendant.

After removing her shoes so she would not be heard, defendant cut a mask from a pillowcase she found. She began to rummage through Mrs. Klinski's bedroom. Hearing a noise and noticing that her bedroom light was on, Mrs. Klinski went to her bedroom and opened the door. She was met by defendant, who was brandishing the knife. Defendant immediately threatened to kill Mrs. Klinski if she screamed.

Defendant repeatedly warned Mrs. Klinski that

─────────────────────

* Circuit judge, sitting on the Court of Appeals by assignment.

she would be killed if she shouted for help. Defendant then pushed the elderly victim toward a bathroom, ordered her into the bathroom, and then closed the door behind Mrs. Klinski. Mrs. Klinski remained in the bathroom for some fifteen minutes while defendant culled through her belongings. Defendant then ordered Mrs. Klinski out of the bathroom and told her to sit on a chair in the bedroom. Defendant covered Mrs. Klinski's head with some clothing, bound her hands behind her back with telephone and lamp cords that she had cut, stuffed a sock into the seventy-eight-year-old's mouth, and bound her legs together.

Defendant stole money, alcohol, and jewelry from Mrs. Klinski's home. She carried these items to Mrs. Klinski's car, in which she fled. Defendant was apprehended a short time later.

Defendant presents four arguments on appeal, only one of which merits more than cursory treatment. First, she contends that offense variable (ov) 5 was scored incorrectly. Ov 5 was scored at 15, meaning the sentencing court found that a preponderance of the record evidence, *People v Walker,* 428 Mich 261, 268; 407 NW2d 367 (1987), established that the "[v]ictim was moved to another place of greater danger or to a situation of greater danger, or was held captive significantly beyond that which was necessary to commit the offense." In the present case, defendant first forced the victim at knife point into a bathroom, and then, again at knife point, forced her back out. We agree that defendant's action in removing the victim from the relative safety of the bathroom, that is, behind a closed door, to the bedroom to be bound and gagged, constituted moving her to a place of greater danger. See *People v Johnson,* 202 Mich App 281, 289; 508 NW2d 509 (1993). Therefore, because evidence supports the scoring, *People v*

*Hernandez,* 443 Mich 1, 16; 503 NW2d 629 (1993), we uphold it.

Defendant next submits that prior record variable (PRV) 7, which addresses subsequent and concurrent felony convictions, was also scored incorrectly. The scoring of PRV 7 at 10 reflects that the trial court found by a preponderance of the evidence, *Walker, supra,* that defendant was concurrently convicted of another felony in addition to armed robbery. Defendant suggests that her conviction of UDAA should have been considered part of the same transaction as the armed robbery. However, by failing to refer this Court to any authority supporting her position, she has effectively abandoned the issue. See *People v Simpson,* 207 Mich App 560, 561; 526 NW2d 33 (1994). Further, since we have previously held that a defendant who commits the offense of "carjacking" may properly be convicted of both armed robbery and UDAA, *People v Hurst,* 205 Mich App 634, 636-639; 517 NW2d 858 (1994), the component acts of which offense appear necessarily far more contemporaneous than those of the present case, we would not find defendant's argument to be meritorious were we to address it.

Additionally, we would question whether a defendant may voluntarily plead nolo contendere to two concurrent offenses, and later contest the scoring of the prior record variables to reflect the concurrent convictions. It would appear that, by voluntarily offering the pleas, such a defendant tacitly accedes to the subsequent scoring of the variables. To reason otherwise would seemingly fall afoul of the general prohibition against requesting certain actions of the trial court and then arguing on appeal that these actions constituted error. See, e.g., *People v Murry,* 106 Mich App 257,

262; 307 NW2d 464 (1981); *People v Taylor,* 159 Mich App 468, 488; 406 NW2d 859 (1987).

Defendant's one contention warranting extended treatment concerns the scoring of ov 7, offender exploitation of victim vulnerability. The sentencing court scored this variable at 15, meaning it found by a preponderance of the evidence, *Walker, supra,* that defendant had exploited the victim because of the victim's agedness. It is contended that "[a]lthough the defendant was young, and the victim elderly, had the victim been of any other age, [she] would still have been subjected to the exact same actions by defendant." We disagree.

We would first note that ov 7 distinguishes between exploitation through a difference in size or strength, which is scored at 5, and exploitation of agedness, which is scored at 15. We take this to be an explicit recognition of the distinction between the decline in physical strength characteristic of advanced age, and the less easily articulated decline in aggressiveness in confrontational situations that also often accompanies advancing years. To fail to recognize this distinction would render nugatory ov 7 in the context of elderly victims, since virtually all exploitation of agedness would be ascribed to exploitation of physical infirmity, meaning that those who prey on the aged would receive more lenient sentences than recommended by the guidelines. The guidelines recognize and address exploitation of our senior citizens.

In the present case, defendant did not shout, "I am exploiting you because you are a senior citizen." In our opinion, there was no need for defendant to so state her motivation; her actions clearly manifested such a motivation. Had the victim been twenty-eight rather than seventy-eight, regardless of her physical strength, we find it unlikely that she would have been all but forgotten in a bath-

room, fearing for her life the entire fifteen minutes, while her knife-wielding assailant leisurely inventoried her possessions. In other words, had defendant not immediately dismissed the possibility that the elderly victim would offer any resistance, which dismissal can only be attributed to her age, we believe that the victim would have been terrorized for a far shorter period of time. Therefore, we find ample evidence to support the sentencing court's conclusion that the victim was exploited solely because of her age, and, accordingly, uphold the scoring of ov 7. See *Hernandez, supra.*

Defendant's final contention is that her sentence of five to twenty years' imprisonment is disproportionate within the meaning of *People v Milbourn,* 435 Mich 630, 635-636; 461 NW2d 1 (1990). The guidelines range was five to twelve years' imprisonment, meaning that the sentence imposed is not only presumptively proportionate, *People v Williams (After Remand),* 198 Mich App 537, 543; 499 NW2d 404 (1993), but is the very minimum suggested by the guidelines. Where a sentence is within the guidelines range, an abuse of sentencing discretion is shown upon a demonstration of "unusual circumstances" that make the sentence disproportionate. *People v Sharp,* 192 Mich App 501, 505; 481 NW2d 773 (1992). To this end, defendant emphasizes her youth at the time the crime was committed, her lack of a prior record, and the fact that the crime was inartfully perpetrated.

With respect to defendant's contention concerning her age, while a sentencing court may, in some circumstances, consider a defendant's age, *People v McKernan,* 185 Mich App 780, 782; 462 NW2d 843 (1990), quoting *People v Fleming,* 428 Mich 408, 423-424, n 17; 410 NW2d 266 (1987), it need

not do so. With respect to her contention that the court failed to consider her lack of a criminal record, we have previously held that such failure does not constitute an unusual circumstance sufficient to overcome the presumption of proportionality. *People v Daniel,* 207 Mich App 47, 54; 523 NW2d 830 (1994). Last, with respect to her contention that her actions were so inept as to seemingly "be part of a childish script," we respond that "expertly" executed crimes are not punished more severely than those that are committed merely "competently." Neither should ill-devised crimes be rewarded with undeserved clemency.

Affirmed.