WEAVER, J.
(dissenting). I dissent from the majority’s decision to remand this case to the trial court for *326 resentencing. I disagree that the trial court failed to explain why it made the specific departure it imposed as a sentence in this case. For the reasons stated in the judgment of the Court of Appeals, as set forth below, I would affirm that judgment, which affirmed the trial court’s departure from the sentencing guidelines:
Finally, the trial court must consider proportionality. If a trial court finds that there are substantial and compelling reasons to believe that sentencing a defendant within the [sentencing] guidelines range would not he proportionate to the seriousness of the defendant’s conduct and criminal history, then the trial court should depart from the guidelines. [People v] Babcock, [469 Mich 247,] 264 [666 NW2d 231 (2003)]. “In considering whether, and to what extent, to depart from the guidelines range, a trial court must ascertain whether taking into account an allegedly substantial and compelling reason would contribute to a more proportionate criminal sentence than is available within the guidelines range.” Id. at 272, citing MCL 769.34(3). “In determining whether a sufficient basis exists to justify a departure, the principle of proportionality — that is, whether the sentence is proportionate to the seriousness of the defendant’s conduct and to the defendant in light of his criminal record — defines the standard against which the allegedly substantial and compelling reasons in support of departure are to be assessed.” Id. at 262. In other words, the principle of proportionality requires that a sentence “be proportionate to the seriousness of the circumstances surrounding the offense and the offender.” People v Milbourn, 435 Mich 630, 636, 651; 461 NW2d 1 (1990).
“This Court reviews for clear error a trial court’s factual findings at sentencing.” People v Mack, 265 Mich App 122, 125; 695 NW2d 342 (2005). Specifically, the “existence or nonexistence of a particular sentencing factor is a factual determination for the sentencing court to determine, and should therefore be reviewed by an appellate court for clear error.” People v Babcock, 469 Mich 247, 273; 666 NW2d 231 (2003) (internal quotation marks, brackets and citations omitted). “The determination that a particular sentencing *327 factor is objective and verifiable should be reviewed by the appellate court as a matter of law” Id. (internal quotation marks, brackets and citations omitted). Finally, a “trial court’s determination that the objective and verifiable factors present in a particular case constitute substantial and compelling reasons to depart from the statutory minimum sentence shall be reviewed for abuse of discretion.” Id. at 274 (internal quotation marks and citations omitted). “An abuse of discretion occurs when the trial court chooses an outcome falling outside the permissible principled range of outcomes.” Id.
Here, defendant’s guidelines range, for the minimum sentence, was 9 to 15 years. The trial court sentenced defendant to a minimum of 30 years’ imprisonment. At sentencing, the trial court stated reasons for the departure:
“Certainly it is an objective and verifiable fact that the defendant stood in the role of a parental figure for a child who had none. That was a child who was sexually exploited over a period of 15 months. That’s verifiable.
“These are characteristics that I think don’t adequately get covered in the guidelines. They don’t. I meant [sic] it’s unimaginable to me to think that a 10 year old who may be fearful of the fact that she may loose [sic] the roof over her head for herself, her mother and her two siblings, is forced to silently endure this kind of sexual exploitation.
“The guidelines didn’t calculate that, but I am.”
In the Departure Evaluation Form, the trial court reiterated the previously stated reasons for departing from the guidelines’ recommended minimum sentence range, and added an additional reason:
“Defendant served as child care provider for nine years and molested the victim over a 15 month period.
“Defendant threatened to evict the child victim and her family if she told anyone about the [criminal sexual conduct].
“Child victim was forced to undergo a painful physical exam as a result of the incident.”
We conclude that the articulated reasons for the depar *328 ture were objective and verifiable. [People v] Abramski, [257 Mich App 71, 74; 65 NW2d 501 (2003)]. It is objective and verifiable that defendant served as child care provider for nine years. The lower court record reveals that, with the exception of a three year period, defendant and [his wife, Carol Smith,] provided child care for the victim in their home from the time she was one year old in 1994 until the victim was 10 years old. During the time the victim was out of defendant’s home, he kept in close contact with her through cards and phone calls. According to defendant’s own testimony, the victim “became like part of the family” during the time he cared for her.
Additionally, the lower court record reveals that the sexual abuse occurred over a period of 15 months. The first incident occurred sometime in May 2002, when the victim was nine years old. The last incident took place sometime at the end of July 2003, approximately three weeks before the victim revealed the allegations on August 20, 2003. The jury necessarily found that these instances of abuse occurred, because it found defendant guilty on all three counts. Thus, the fact of the abuse over this period of time has been objectively verified by the trier of fact. Thus, it is objective and verifiable that defendant served as child care provider for many years and molested the victim over a period of 15 months.
It is also objective and verifiable that defendant threatened to evict the victim and her family. This threat is not based solely on the testimony of the victim, because it is not disputed that defendant threatened to evict the victim and her family. Finally, it is objective and verifiable that the victim was forced to undergo a physical examination as a result of the abuse. There can be no reasonable dispute that the victim was subjected to a physical examination on August 22, 2003.
The trial court did not abuse its discretion in determining that these factors constituted substantial and compelling reasons for an upward departure. Babcock, supra at 264-265. In determining whether the departure was proper, this Court must defer to the trial court’s direct knowledge of the facts and familiarity with the offender. Id. *329 at 270. Defendant chose a victim who was nine years old and preyed on her vulnerability and sense of security as a member of defendant’s household. Contrary to defendant’s argument on appeal, a review of the sentencing transcript shows that the trial court did not rely on Carol’s accusations regarding the prosecutor in determining whether to depart from the guidelines. Defendant’s argument in this regard is mere speculation. As the trial court indicated, it is apparent that the sentencing guidelines were not capable of adequately accounting for the true seriousness of these offenses.
Finally, defendant argues that the upward departure from the recommendation of the guidelines was not proportionate. We disagree. The trial court’s upward departure was proportionate to defendant and the seriousness of the offense. The trial court addressed the offender, and the sentencing transcript demonstrates that the sentence was individualized. Contrary to defendant’s argument on appeal, lack of a prior record is not sufficient to overcome the presumption of proportionality. See People v Piotrowski, 211 Mich App 527, 533; 536 NW2d 293 (1995). Moreover, the circumstances surrounding the instant offenses establish the serious and reprehensible nature of defendant’s crimes. Appellate courts should consider whether the circumstances surrounding a defendant’s conviction place that defendant in the least or most threatening class with respect to that particular crime. Milbourn, supra at 654. The record reveals that defendant engaged in the continued sexual assault of a minor child on numerous occasions over a 15 month period. Most of these instances occurred while the victim’s siblings and mother were in the home. After a review of the entire record, we conclude that the sentences imposed by the trial court are proportionate to the seriousness of the crimes, and thus, do not violate the principle of proportionality. Babcock, supra at 264, 273. [People v Smith, unpublished opinion per curiam of the Court of Appeals, issued July 19, 2007 (Docket No. 267099), pp 4-6.]