# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

BRANDON THOMAS FIELD,

Defendant-Appellant.

UNPUBLISHED
October 23, 2018

No. 342606
Marquette Circuit Court
LC No. 17-055560-FH

Before: MURPHY, P.J., and SAWYER and SWARTZLE, JJ.

PER CURIAM.

Defendant was convicted by a jury of third-degree criminal sexual conduct (CSC-III), MCL 750.520d(1)(b) (sexual penetration by force or coercion). The trial court sentenced defendant to 1 to 15 years' imprisonment. Defendant now appeals as of right, and we affirm.

On the night of the assault, the victim, defendant, his wife, and another friend went out drinking. They all spent the night at the home of the friend's boyfriend. After going to sleep on the couch, the victim awoke to defendant on top of her and his fingers inside of her vagina. She resisted and a brief struggle ensued before she was able to "pry" his hand out and push him off the couch. The next day, the victim sent a text message to defendant's wife and told her that she awoke to defendant "trying to do something to" her, that she told him "no," and that he "wouldn't quit." Defendant's wife informed him of the message, and defendant texted the victim, explaining that he was too intoxicated to remember anything happening and apologizing if something did occur. The victim did not report the assault until 10 months later; she claimed that she did not want to testify and was concerned about causing a rift in defendant and his wife's relationship.

Defendant first argues that his due process rights were violated because there was insufficient evidence to prove him guilty of CSC-III beyond a reasonable doubt. This Court reviews de novo the issue regarding whether there was sufficient evidence to support a conviction. *People v Lueth*, 253 Mich App 670, 680; 660 NW2d 322 (2002). In reviewing the sufficiency of the evidence, this Court must view the evidence—whether direct or circumstantial—in a light most favorable to the prosecutor and determine whether a rational trier of fact could find that the essential elements of the crime were proven beyond a reasonable doubt. *People v Reese*, 491 Mich 127, 139; 815 NW2d 85 (2012); *People v Hardiman*, 466 Mich 417, 428; 646 NW2d 158 (2002). A jury, and not an appellate court, observes the

-1-

witnesses and listens to their testimony; therefore, an appellate court must not interfere with the jury's role in assessing the weight of the evidence and the credibility of the witnesses. *People v Wolfe*, 440 Mich 508, 514-515; 489 NW2d 748 (1992). Circumstantial evidence and any reasonable inferences that arise from such evidence can constitute satisfactory proof of the elements of a crime. *People v Carines*, 460 Mich 750, 757; 597 NW2d 130 (1999). The prosecution need not negate every reasonable theory of innocence, but need only prove the elements of the crime in the face of whatever contradictory evidence is provided by the defendant. *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000). "*All conflicts* in the evidence must be resolved in favor of the prosecution." *People v Kanaan*, 278 Mich App 594, 619; 751 NW2d 57 (2008) (emphasis added).

To establish that defendant was guilty of CSC-III, the prosecution had to prove two elements beyond a reasonable doubt: (1) that defendant engaged in sexual penetration with the victim, and (2) that the penetration was accomplished through force or coercion. MCL 750.520d(1)(b). The prosecution did not allege that defendant coerced the victim, focusing instead on the element of force. One type of force occurs "[w]hen the actor overcomes the victim through the actual application of physical force or physical violence." MCL 750.520b(1)(f)(*i*).[1] The Michigan Supreme Court has explained that "the prohibited 'force' encompasses the use of force against a victim to either induce the victim to submit to sexual penetration or to seize control of the victim in a manner to facilitate the accomplishment of sexual penetration without regard to the victim's wishes." *People v Carlson*, 466 Mich 130, 140; 644 NW2d 704 (2002). The requisite force "does not encompass nonviolent physical interaction in a mechanical sense that is merely incidental to an act of sexual penetration," and does not include "the physical interaction that would be inherent in an act of sexual penetration, nor . . . does it follow that the force must be so great as to overcome the complainant." *Id.*

The victim testified that she awoke with defendant's fingers inside of her vagina and that she struggled with him to remove his hands from her pants. Her testimony indicated that defendant sexually penetrated her and used force to accomplish that penetration. A victim's uncorroborated testimony is sufficient to sustain a CSC conviction. MCL 750.520h; *People v Szalma*, 487 Mich 708, 724; 790 NW2d 662 (2010).

Defendant argues that the "force" used in the assault was only the force inherent in the act of digital penetration. However, the victim testified that she had to "grab" defendant's arm and "pull it out" out of her pants and that it took "a while" to do so. On cross-examination, she described having to "pry" defendant's hands from the inside of her pants. The Michigan State Trooper who took the victim's report testified that she indicated to him that the struggle lasted for approximately five minutes. The victim also texted defendant's wife the next day and told her that defendant was "trying to do something" to her and that she resisted, but defendant "wouldn't quit." Defendant acknowledges the victim's testimony, but argues that at times she described the incident in "lesser terms." This argument does not negate the fact that the victim

---

[1] MCL 750.520d(1)(b), under which defendant was convicted, directs the reader to MCL 750.520b(1)(f)(*i*) to (*v*) for purposes of defining force and coercion.

also provided testimony about the assault in more than adequate terms relative to defendant's use of force. And assuming that there was any conflict in the testimony, we resolve that conflict in favor of the prosecution. *Kanaan*, 278 Mich App at 619. To the extent that defendant's argument is an attack on the victim's credibility or the weight of the evidence, we defer to the jury's assessment of those matters. *Wolfe*, 440 Mich at 514-515.[2] On the existing record, taken in a light most favorable to the prosecution, there was sufficient evidence to find that, while perhaps not at the immediate outset, defendant ultimately applied physical force and seized control of the victim against her wishes in order to accomplish continuing digital penetration. There was sufficient evidence to establish beyond a reasonable doubt that defendant committed CSC-III. Accordingly, there was no due process violation.

Defendant next argues that his sentence was unreasonable and disproportionate because of his youth, lack of prior criminal record, state of intoxication at the time of the assault, remorse, and his alcohol abuse problem. Defendant's minimum sentence guidelines range was 12 to 20 months, and he was sentenced within the guidelines range to 12 months to 15 years' imprisonment.[3] This Court's review of a guidelines sentence is restricted by MCL 769.34(10),

---

[2] In *People v Palmer*, 392 Mich 370, 375-376; 220 NW2d 393 (1974), the Michigan Supreme Court explained:

> In a criminal trial the burden is on the prosecution to prove the defendant's guilt beyond a reasonable doubt on every element of the crime charged. On appeal from a conviction a defendant may request the appellate court to determine if the prosecution fulfilled this burden. In conducting this review the appellate court must remember that the jury is the sole judge of the facts. It is the function of the jury alone to listen to testimony, weigh the evidence and decide the questions of fact. In determining the facts the jury may draw reasonable inferences from the facts established by either direct or circumstantial evidence.
>
> Juries, not appellate courts, see and hear witnesses and are in a much better position to decide the weight and credibility to be given to their testimony. Where sufficient evidence exists, which may be believed by the jury, to sustain a verdict of guilty beyond a reasonable doubt, the decision of the jury should not be disturbed by an appellate court. [Citations omitted.]

[3] Under the now-advisory guidelines, MCL 769.34(4) provides, in relevant part:

> (c) If the upper limit of the recommended minimum sentence exceeds 18 months and the lower limit of the recommended minimum sentence is 12 months or less, the court shall sentence the offender as follows absent a departure:
>
> (*i*) To imprisonment with a minimum term within that range.
>
> (*ii*) To an intermediate sanction that may include a term of imprisonment of not more than 12 months.

which provides that "[i]f a minimum sentence is within the appropriate guidelines sentence range, the court of appeals shall affirm that sentence and shall not remand for resentencing absent an error in scoring the sentencing guidelines or inaccurate information relied upon in determining the defendant's sentence." As this Court observed in *People v Schrauben*, 314 Mich App 181, 196 n 1; 886 NW2d 173 (2016), "*Lockridge*[4] did not alter or diminish MCL 769.34(10)." Therefore, "[w]hen a trial court does not depart from the recommended minimum sentencing range, the minimum sentence must be affirmed unless there was an error in scoring or the trial court relied on inaccurate information." *Schrauben*, 314 Mich App at 196. Defendant does not allege a scoring error nor does he assert that he was sentenced on the basis of inaccurate information. Because defendant was sentenced within the guidelines range and he does not claim that the trial court relied on inaccurate information or erred in scoring the guidelines, his sentence would not ordinarily be subject to appellate review.

We do note, however, that MCL 769.34(10) cannot insulate the state from appellate review of a claim that a sentence is unconstitutional, e.g., an argument that a sentence constitutes cruel or unusual punishment. See *People v Powell*, 278 Mich App 318, 323; 750 NW2d 607 (2008) (MCL 769.34[10]'s limitation on review does not apply to claims of constitutional error, but a sentence within the guidelines range is presumptively proportionate, and a proportionate sentence is not cruel or unusual punishment); see also *People v Conley*, 270 Mich App 301, 316; 715 NW2d 377 (2006) ("It is axiomatic that a statutory provision, such as MCL 769.34[10], cannot authorize action in violation of the federal or state constitutions.").[5]

To the extent that defendant is arguing that his sentence is not proportionate for purposes of cruel-or-unusual-punishment analysis, a sentence falling within the guidelines is, as noted earlier, presumptively proportionate, "and a sentence that is proportionate is not cruel or unusual punishment." *Powell*, 278 Mich App at 323. A defendant can only overcome the presumption by presenting unusual circumstances that would render a presumptively proportionate sentence disproportionate. *People v Bowling*, 299 Mich App 552, 558; 830 NW2d 800 (2013).[6] And

---

[4] *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015).

[5] There is a distinction between "proportionality" as it relates to the constitutional protection against cruel or unusual punishment, with such proportionality being presumed when a sentence is within the guidelines range, and "proportionality" as it relates to reasonableness review of a sentence, which is not constitutional in nature. See *People v Bullock*, 440 Mich 15, 34 n 17; 485 NW2d 866 (1992) ("Because the similarity in terminology may create confusion, we note that the *constitutional* concept of 'proportionality' under Const 1963, art 1, § 16 [cruel or unusual punishment prohibition] is distinct from the nonconstitutional 'principle of proportionality' discussed in . . . *Milbourn*, . . . although the concepts share common roots.").

[6] Consistent with our approach, this Court in *People v McFarlane*, __ Mich App __, __; __ NW2d __ (2018); slip op at 14, recently stated:

> Defendant also asserts that his sentence was not proportionate and amounted to cruel and unusual punishment. Because defendant's sentence was

"unusual circumstances" simply do not exist in the instant case. See *People v Davis*, 250 Mich App 357, 369-370; 649 NW2d 94 (2002) (strong family background, prior work history, no prior drug offenses, and remorse did not overcome presumption); *People v Piotrowski*, 211 Mich App 527, 532-533; 536 NW2d 293 (1995) (young age, lack of criminal record, and ill-devised crime did not constitute unusual circumstances); *People v Daniel*, 207 Mich App 47, 54; 523 NW2d 830 (1994) (employment, absence of criminal history, and minimum culpability were not unusual circumstances that overcame the presumption). With respect to defendant's alcohol abuse problem, it does not warrant a finding of unusual circumstances.

Affirmed.

/s/ William B. Murphy
/s/ David H. Sawyer
/s/ Brock A. Swartzle

---

within the range provided under the advisory sentencing guidelines, his sentence was presumptively proportionate, and a proportionate sentence is not cruel or unusual. To overcome the presumption, defendant had to show that there was something unusual about the circumstances of his case that made the sentence disproportionate. [Citations omitted.]