*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

ANTHONY MORRIS MARSHALL,

Defendant-Appellant.

UNPUBLISHED
May 30, 2019

No. 341731
Wayne Circuit Court
LC No. 17-004443-01-FC

Before: SHAPIRO, P.J., and BORRELLO and BECKERING, JJ.

PER CURIAM.

Defendant, Anthony Morris Marshall, appeals as of right his jury trial conviction of armed robbery, MCL 750.529. The trial court sentenced defendant to 8 to 20 years' imprisonment. We affirm.

Defendant's conviction arises out of a bus stop robbery of a 67-year old man. On appeal, defendant argues that the trial court erred in assessing offense variables (OVs) 3, 4, and 10, and that resentencing is required because his proposed corrections to the OVs would alter his sentencing guidelines range.

As recognized by this Court:

Issues involving "the proper interpretation and application of the legislative sentencing guidelines, MCL 777.11 *et seq.*, . . . are legal questions that this Court reviews de novo." *People v Morson*, 471 Mich 248, 255; 685 NW2d 203 (2004). On appeal, "the circuit court's factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence. Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). [*People v Sours*, 315 Mich App 346, 348; 890 NW2d 401 (2016).]

Defendant contends that OV 3, physical injury to a victim, was incorrectly assessed five points because there was no evidence of physical injury. MCL 777.33(1). OV 3 is assessed five points if "[b]odily injury not requiring medical treatment occurred to a victim." MCL 777.33(1)(e). OV 3 is assessed zero points if "[n]o physical injury occurred to a victim." MCL 777.33(1)(f). At trial, the prosecution asked the victim, "Were you hurt at all in this incident?" The victim responded, "Not physically. Mentally, I was hurt." The prosecution concedes that the victim testified he was not physically injured during the robbery. Therefore, both parties agree that OV 3 should have been scored at zero points.

Defendant contends that OV 4 was incorrectly assessed 10 points because there was no evidence presented by the prosecutor that the victim had injuries that required professional psychological treatment. MCL 777.34(1). OV 4 is assessed 10 points if "[s]erious psychological injury requiring professional treatment occurred to a victim." MCL 777.34(1)(a). In making this determination, "the fact that treatment has not been sought is not conclusive." MCL 777.34(2). In assessing OV 4, the trial court stated:

> It says, score ten points if the victim['s] serious psychological injury may require professional treatment. The fact that treatment has not been sought, is not conclusive.
>
> So, you don't even need treatment at this point and I'm satisfied that the statement contained in the victim's impact statement on page two of the presentence investigation report [(PSIR)] in the second paragraph, the first line, the second sentence says, he stated that he was very nervous after the within offense occurred; and then it goes on to say that he received psychiatric treatment through a [] family member. So, I think enough has been satisfied by that statement to support the scoring of [OV] four at ten points.

At trial, the victim testified that during the offense, defendant pointed a gun at his neck and defendant's cohort pointed a gun at his back. He believed the guns were real and he thought defendant's cohort was going to shoot him, causing him to be "in shock." He agreed that the event was pretty terrifying, and when the prosecutor asked if he was hurt at all in the accident, the victim testified that he was "mentally" hurt. In his impact statement in the PSIR, the victim "stated that he was very nervous after the within offense occurred and received psychiatric treatment through a family member." He also stated that he and his family were "forced to move" because defendant knew where he lived. However, the victim indicated "that he suffered no long term affect from this incident." While the evidence suggests that the victim's psychological injury was not lasting, it endured beyond the day of the robbery as the victim was "very nervous" after the offense and received psychiatric treatment. Furthermore, the victim apparently did not feel safe in his home since he was compelled to move to another residence. Feelings of being unsafe support an assessment of 10 points for OV 4. *People v Gibbs*, 299 Mich App 473, 492-493; 830 NW2d 821 (2013) (10 points properly scored for OV 4 where victim of robbery said it was traumatic and left him with bad dreams, and the owner of the store that was robbed said he did not feel safe in his store). A preponderance of the evidence supports a finding of serious psychological injury, and thus, the trial court did not err in scoring OV 4 at 10 points.

Defendant contends that OV 10, exploitation of a vulnerable victim, was incorrectly assessed at 10 points because the trial court based its decision solely on the agedness of the victim. MCL 777.40(1). OV 10 is assessed 10 points if "[t]he offender exploited a victim's physical disability, mental disability, youth or *agedness*, or a domestic relationship, or the offender abused his or her authority status." MCL 777.40(1)(b) (emphasis added). " 'Exploit' means to manipulate a victim for selfish or unethical purposes." MCL 7777.40(3)(b). " 'Vulnerability' means the readily apparent susceptibility of a victim to injury, physical restraint, persuasion, or temptation." MCL 777.40(3)(c). "The mere existence of 1 or more factors described in subsection (1) does not automatically equate with victim vulnerability." MCL 777.40(2). Here, the trial court relied on agedness in assessing 10 points for OV 10 as the victim, a senior citizen, was alone at night when two armed, young men approached him. Defendant asserts that there was no evidence that the victim was vulnerable, and age, by itself, is not a determining factor. However, the victim was vulnerable due to his age (67 years old) and elderly appearance. As noted, OV 10 is assessed 10 points if defendant exploited a victim's agedness. MCL 777.40(1)(b); see *People v Piotrowski*, 211 Mich App 527, 531; 536 NW2d 293 (1995) (noting that scoring 10 points where a defendant exploited a victim's agedness recognizes the "decline in aggressiveness in confrontational situations that also often accompanies advancing years").

While agedness does not automatically equate with victim vulnerability, vulnerability does not have to be "*inherent* in the victim"; rather, it may "arise from external circumstances as well." *People v Huston*, 489 Mich 451, 466; 802 NW2d 261 (2011); see MCL 777.40(2). In *Huston*, the Court concluded

> that a person walking alone at night in a parking lot while two armed people hidden from that person's view lie in wait to rob that person is a "vulnerable" victim because he or she would have a "readily apparent susceptibility . . . to injury [or] physical restraint . . . ." MCL 777.40(3)(c). [*Huston*, 489 Mich at 467.]

Surveillance video captured the armed robbery in the case at bar. The video shows the victim alone at a bus stop at night with no one else around except for defendant. The defendant sought to distract the victim or to put him at ease by attempting to engage him in conversation, while his cohort approached the victim from behind and pushed him into the bus stop shelter. At that point, both defendant and his cohort pulled guns, pointing them at the vicitm's neck and back, and robbed him. Thus, in addition to his age, the timing (night) and location (isolated bus stop) rendered the victim vulnerable. Defendant exploited the victim's vulnerability because he manipulated him for selfish and unethical purposes by catching him alone in the dark, attempting to distract him or put him at ease, and then robbing him at gunpoint. See *Huston*, 489 Mich at 467-468. In light of the victim's age and the circumstances surrounding the offense, a preponderance of the evidence supported the trial court's score of 10 points for OV 10.

Because the trial court correctly scored OV 4 and OV 10, its erroneous assessment of five points for OV 3 does not affect defendant's appropriate guidelines range. Defendant's 35 prior record variable points (PRVs) placed him at PRV Level D, and his 35 OV points placed him at Level II. The result was a guideline minimum range of 81 to 135 months. Deducting five points for the erroneous scoring of OV 3 reduces defendant's total OV score from 35 points to 30

points, which still falls within OV Level II (20-39 points) on the applicable sentencing grid, MCL 777.62, and still results in a guideline minimum range of 81 to 135 months. Because defendant's sentencing guidelines range of 81 to 135 months does not change, resentencing is not required. See *People v Francisco*, 474 Mich 82, 89 n 8; 711 NW2d 44 (2006) ("Where a scoring error does not alter the appropriate guidelines range, resentencing is not required.").

Finally, defendant argues that his sentence was unreasonable, and he was sentenced based on inaccurate information – the victim's statements in his impact statement – and incorrect guidelines scoring. However, a trial court may properly rely on the victim's impact statement in the PSIR when assessing OV 4. See *People v Earl*, 297 Mich App 104, 109-110; 822 NW2d 271 (2012) (stating that a victim impact statement indicating that the victim suffered from sleeplessness for weeks, relived the robbery every time she closed her eyes, and feared being robbed by customers was sufficient to support the scoring of OV 4); *People v Ericksen*, 288 Mich App 192, 203; 793 NW2d 120 (2010) (stating that a PSIR indicating that the victim suffered from depression and his personality changed as a result of an assault was sufficient to support the scoring of OV 4). Moreover, as outlined above, even after subtracting the points erroneously assessed for OV 3, defendant's guidelines minimum sentencing range remained 81 to 135 months, and defendant's minimum sentence of 96 months' imprisonment falls within this range. Therefore, defendant's sentence is presumed proportionate and must be affirmed on appeal. MCL 769.34(10).[1] See *People v Jackson*, 320 Mich App 514, 527; 907 NW2d 865 (2017); *People v Schrauben*, 314 Mich App 181, 196 n 1; 886 NW2d 173 (2016); see also *Francisco*, 474 Mich at 91-92 (stating that a defendant is entitled to resentencing where "appellate correction of erroneously calculated guidelines range" resulted in a sentence that "stands differently in relationship to the correct guidelines range.").

Affirmed.

/s/ Douglas B. Shapiro
/s/ Stephen L. Borrello
/s/ Jane M. Beckering

---

[1] We recognize that in *People v Aimes*, 501 Mich 1026; 908 NW2d 303 (2018), our Supreme Court ordered the appellant to file supplemental briefing in its application for leave to appeal addressing "whether MCL 769.34(10) has been rendered invalid by this Court's decision in *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015), to the extent that the statute requires the Court of Appeals to affirm sentences that fall within the applicable guidelines range 'absent an error in scoring the sentencing guidelines or inaccurate information relied upon in determining defendant's sentence.' " However, at present, MCL 769.34(10) remains binding on this Court. *People v Schrauben*, 314 Mich App 181, 196; 886 NW2d 173 (2016).