*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

JAMES ISAAM HAMAMEH,

Defendant-Appellant.

UNPUBLISHED
October 22, 2024
9:59 AM

Nos. 356124; 356127
Macomb Circuit Court
LC Nos. 2017-004602-FH;
2017-004603-FH

Before: BOONSTRA, P.J., and JANSEN and N. P. HOOD, JJ.

PER CURIAM.

Defendant appeals by leave granted the trial court's judgments of sentence entered in two cases, which are consolidated on appeal.[1] In both cases, defendant pleaded guilty to one count of third-degree criminal sexual conduct (CSC-III), MCL 750.520d(1)(a), and was sentenced to three years' probation under the Holmes Youthful Trainee Act (HYTA), MCL 762.11 *et seq.*, with two years to be served in a HYTA prison. After defendant acquired numerous misconduct tickets while incarcerated, the trial court revoked defendant's HYTA status and sentenced defendant to 85 to

---

[1] This Court initially denied defendant's applications for leave to appeal for lack of merit in the grounds presented. *People v Hamameh*, unpublished order of the Court of Appeals, entered March 4, 2021 (Docket No. 356124); *People v Hamameh*, unpublished order of the Court of Appeals, entered March 4, 2021 (Docket No. 356127). The Supreme Court thereafter remanded Docket No. 356124 to this Court for consideration of defendant's argument that his sentence is disproportionate under the standard stated in *People v Milbourn*, 435 Mich 630; 461 NW2d 1 (1990), abrogated in part on other grounds by *People v Steanhouse*, 500 Mich 453, 477 (2017), and remanded Docket No. 356127 to this Court for reconsideration in light of *People v Posey*, 512 Mich 317; 1 NW3d 101 (2023). *People v Hamameh*, 513 Mich 908 (2023). This Court subsequently granted the applications for leave to appeal in both docket numbers, as limited by the Supreme Court's orders remanding the cases, and consolidated the cases on appeal. *People v Hamameh*, unpublished order of the Court of Appeals, entered March 22, 2024 (Docket No. 356124); *People v Hamameh*, unpublished order of the Court of Appeals, entered March 22, 2024 (Docket No. 356127).

180 months' imprisonment for each conviction. In Docket No. 356124 we remand to the trial court for articulation of its reasons for imposing a departure sentence or for resentencing. We affirm defendant's sentence in Docket No. 356127.

## I. BACKGROUND

Docket No. 356124 arises out of defendant's sexual assault of his 16-year-old biological sister, MF, on January 31, 2017. On that date, defendant and MF watched a movie together and then went to bed. After MF laid down on the floor to sleep, defendant got out of his bed and began removing the blankets covering MF. Defendant sat on MF and attempted to remove her shirt, shorts, and underwear. MF physically and verbally resisted, but defendant overpowered her. Defendant grabbed MF by her neck, flipped her onto her stomach, pinned her down, pulled down her shorts and underwear, and penetrated her vagina with his penis. The assault lasted several minutes. Afterward, defendant asked MF, "Now, was that so hard?" Defendant then got dressed and went back to bed.

Docket No. 356127 arises out of defendant's sexual assault of ML, a 17-year-old classmate who has autism, on September 19, 2017. After school on that date, ML went to the home of defendant's friend, CH, with CH and defendant. After ML, CH, and defendant played pool together in the basement, CH went upstairs and defendant invited ML to sit on an exercise trampoline that was in the basement. Defendant began kissing ML, grabbed her breasts, put one of his hands down the front of her pants, and penetrated her vagina with one finger. ML tried to pull defendant's hand out of her pants, but defendant used his free hand to hold her arms down. CH returned to the basement, and ML and defendant got off the trampoline. All three went upstairs to the living room. Defendant and CH then grabbed ML and forcibly removed her clothing. Defendant had his phone out, and ML believed that he may have been recording the assault. Once her clothing was removed, defendant told CH to retrieve a vibrator from the bedroom of CH's mother. CH retrieved a vibrator, pushed ML onto the couch, and penetrated her vagina with the vibrator. Defendant watched while CH assaulted ML and did nothing when ML asked for help. The assault ended after ML kicked CH off of her.

Defendant was thereafter charged with one count of CSC-III for each sexual assault. Pursuant to a plea agreement, defendant pleaded guilty to one count of CSC-III in each case. The plea agreement provided that, in exchange for defendant's guilty pleas, he would be sentenced to a three-year probationary sentence under the HYTA, with the first two years served in a HYTA prison. A presentence investigation was conducted, and the presentence investigation report indicated that defendant's sentencing guidelines range was 30 to 50 months in Docket No. 356124, and 51 to 85 months in Docket No. 356127.[2] The trial court initially sentenced defendant

---

[2] It appears that defendant's sentencing guidelines range in Docket No. 356127, pertaining to the assault of his classmate ML, was higher than the guidelines range in Docket No. 356124, pertaining to the assault of his sister, because he was assessed more points in Docket No. 356127 than in Docket No. 356124 for offense variable (OV) 3, physical injury to a victim, MCL 777.33; OV 10, exploitation of a vulnerable victim, MCL 777.40; and OV 11, criminal sexual penetration, MCL 777.41. In Docket No. 356124, his total OV score was only 15 points, or Level II; whereas in

-2-

consistent with the plea agreement; however, after defendant accrued 29 Class II misconduct tickets during his incarceration, the trial court revoked defendant's HYTA status and resentenced defendant to 85 to 180 months' imprisonment for each conviction. Defendant now appeals.

## II. ANALYSIS

In Docket No. 356124, defendant argues that the trial court abused its discretion in resentencing defendant because the sentence imposed, which substantially departs from the guidelines range, is disproportionate to the circumstances of the offense and the offender, and the trial court failed to articulate its justification for the departure. In Docket No. 356127, defendant argues that the trial court abused its discretion in resentencing defendant because the sentence imposed, although within the guidelines range, violates the principle of proportionality.

"[T]he standard of review to be applied by appellate courts reviewing a sentence for reasonableness on appeal is an abuse of discretion." *People v Dixon-Bey*, 321 Mich App 490, 520; 909 NW2d 458 (2017) (alteration in original; quotation marks and citation omitted). This standard of review applies to both within-guidelines sentences and sentences that depart from the guidelines. *People v Posey*, 512 Mich 317, 352; 1 NW3d 101 (2023) (opinion by BOLDEN, J.); *id.* at 361 (CAVANAGH, J., concurring); *id.* at 413 (WELCH, J., concurring). "[T]he relevant question for appellate courts reviewing a sentence for reasonableness is whether the trial court abused its discretion by violating the principle of proportionality[.]" *Dixon-Bey*, 321 Mich App at 520 (quotation marks and citation omitted). "A trial court abuses its discretion if the imposed sentence is not 'proportionate to the seriousness of the circumstances surrounding the offense and the offender.' " *People v Ventour*, ___ Mich App ___, ___; ___ NW3d ___ (2023) (Docket No. 363922); slip op at 7, quoting *People v Steanhouse*, 500 Mich 453, 459-460; 902 NW2d 327 (2017). Further, "a trial court necessarily abuses its discretion when it makes an error of law." *People v Hawkins*, 340 Mich App 155, 173; 985 NW2d 853 (2022).

### A. GENERAL PRINCIPLES GOVERNING SENTENCING AND PROPORTIONALITY

Although the sentencing guidelines are advisory, "they remain a highly relevant consideration in a trial court's exercise of sentencing discretion." *People v Lockridge*, 498 Mich 358, 391; 870 NW2d 502 (2015). Trial courts must consult the guidelines when imposing a sentence. *Id.* "[A] judge helps to fulfill the overall legislative scheme of criminal punishment by taking care to assure that the sentences imposed across the discretionary range are proportionate to the seriousness of the matters that come before the court for sentencing." *People v Milbourn*, 435 Mich 630, 651; 461 NW2d 1 (1990), abrogated in part on other grounds by *Steanhouse*, 500 Mich at 477. Under the sentencing guidelines, the trial court is required to score the offense variables and prior record variables to determine the appropriate sentence range. *People v Babcock*, 469 Mich 247, 263; 666 NW2d 231 (2003). Offense variables consider the nature and

---

Docket No. 356127, his total OV score was 50 points, or Level V. Although it is noteworthy that defendant's sentencing guidelines range was lower for his seemingly less serious offense, defendant has not challenged the scoring of the OVs or the calculation of his sentencing guidelines ranges on appeal.

severity of the sentencing offense and prior record variables consider the defendant's criminal history. *Id*. at 263-264. "Therefore, the appropriate sentence range is determined by reference to the principle of proportionality; it is a function of the seriousness of the crime and of the defendant's criminal history." *Id*. at 264.

Under the principle of proportionality, "the key test is whether the sentence is proportionate to the seriousness of the matter, not whether it departs from or adheres to the guidelines' recommended range." *Dixon-Bey*, 321 Mich App at 521 (quotation marks and citations omitted). In making a proportionality assessment, a trial court must consider the nature of the offense and the background of the offender. *Milbourn*, 435 Mich at 651. A trial court imposing a sentence may consider numerous factors under the proportionality standard, including, but not limited to:

> (1) the seriousness of the offense; (2) factors that were inadequately considered by the guidelines; and (3) factors not considered by the guidelines, such as the relationship between the victim and the aggressor, the defendant's misconduct while in custody, the defendant's expression of remorse, and the defendant's potential for rehabilitation. [*People v Lampe*, 327 Mich App 104, 126; 933 NW2d 314 (2019) (quotation marks and citation omitted).]

Further, when a defendant is resentenced following a probation revocation, the trial court is permitted, but not required, to impose the same penalty it would have imposed if probation had never been granted. *People v Hendrick*, 472 Mich 555, 557; 697 NW2d 511 (2005). "Thus, the sentencing court is not precluded from considering events surrounding the probation violation when sentencing the defendant on the original offense." *Id*.

## B. DOCKET NO. 356124

In Docket No. 356124, the case pertaining to the assault of MF, defendant argues that the trial court abused its discretion because the sentence imposed, which substantially departs from the guidelines range, is disproportionate to the circumstances of the offense and the offender, and the trial court failed to articulate its justification for the departure. We agree that the trial court abused its discretion by failing to articulate its justification for imposing a departure sentence. Because the trial court did not explain its reasons for departing from the guidelines range, the record is insufficient to facilitate appellate review of the proportionality of the departure sentence. Accordingly, we remand Docket No. 356124 to the trial court for articulation of its reasons for imposing a departure sentence or resentencing.

When a trial court imposes a sentence that departs from the sentencing guidelines minimum range, the trial court "must justify the sentence imposed in order to facilitate appellate review, which includes an explanation of why the sentence imposed is more proportionate to the offense and the offender than a different sentence would have been." *Dixon-Bey*, 321 Mich App at 525 (quotation marks and citations omitted). In determining whether a departure sentence is more proportionate than a sentence within the guidelines range, relevant factors include "(1) whether the guidelines accurately reflect the seriousness of the crime, (2) factors not considered by the guidelines, and (3) factors considered by the guidelines but given inadequate weight." *Id*. (citations omitted). When the trial court's reasons for imposing a departure sentence and for the extent of the departure are unclear, this Court "cannot substitute its own judgment about why the

departure was justified," and this Court may not speculate about the trial court's conceivable reasons for departing from the guidelines range. *People v Smith*, 482 Mich 292, 318; 754 NW2d 284 (2008). If a trial court fails to provide adequate justification for the imposition of a departure sentence, it abuses its discretion. *Steanhouse*, 500 Mich at 476. "[I]n such a situation, [this Court] must remand the case to the trial court for resentencing or rearticulation" of its reasons for departing from the guidelines range. *Babcock*, 469 Mich at 259.

The trial court abused its discretion by failing to articulate why the departure sentence imposed is more proportionate to the offense and the offender than a different sentence would have been. When the trial court resentenced defendant to 85 to 180 months' imprisonment in both docket numbers, the trial court found that the sentences were within the guidelines minimum range for both offenses. However, in Docket No. 356124, the guidelines minimum range was 30 to 50 months. Thus, as it pertains to Docket No. 356124, the 85 to 180-month sentence was an upward departure from the guidelines range, and the trial court was required to articulate why the departure sentence was more proportionate to the offense and the offender than a different sentence would have been. The trial court offered no such explanation, presumably because the trial court erroneously believed that the sentence imposed at resentencing was within the guidelines range.

In resentencing defendant, the trial court noted that it had to consider punishment, rehabilitation, the protection of society, and the deterrence of similar offenses in imposing a sentence. The trial court also noted that defendant was offered an opportunity for rehabilitation through his assignment to youthful trainee status under the HYTA, and defendant failed to take advantage of that opportunity. But the trial court did not explain why the departure sentence was more proportionate to the offense and the offender than a different sentence would have been, nor did the trial court articulate its reasons for the extent of the departure. This Court may not speculate about the trial court's conceivable reasons for departing from the guidelines range. *Smith*, 482 Mich at 318. Because the trial court did not articulate its reasons for imposing the departure sentence, nor for the extent of the departure, the record is insufficient for appellate review of the proportionality of defendant's departure sentence. Accordingly, we remand Docket No. 356124 to the trial court for resentencing or to articulate its reasons for departing from the guidelines range and for the extent of the departure.

## C. DOCKET NO. 356127

In Docket No. 356127, the case pertaining to the assault of ML, defendant argues that the trial court abused its discretion because the sentence imposed, although within the guidelines range, violates the principle of proportionality. We disagree.

"For certain punishments, the Legislature has assigned discretionary authority to trial courts to sentence a defendant within a given range, with each sentence being individualized to the circumstances of the offense and the offender." *Posey*, 512 Mich at 343 (opinion by BOLDEN, J.); *id*. at 361 (CAVANAGH, J., concurring); *id*. at 390 (WELCH, J., concurring). Accordingly, when a trial court sentences a defendant within the guidelines minimum range, it creates a presumption that the sentence is proportionate to the circumstances surrounding the offense and the offender. *Id*. at 360 (opinion by BOLDEN, J.); *id*. at 361 (CAVANAGH, J., concurring); *id*. at 411 (WELCH, J., concurring). To rebut this presumption, a defendant must present "unusual circumstances that would render the presumptively proportionate sentence disproportionate." *Ventour*, ___ Mich App

at \_\_\_; slip op at 8 (quotation marks and citation omitted). Unusual circumstances are those that are uncommon or rare. *Id.*

In Docket No. 356127, the trial court sentenced defendant to 85 to 180 months' imprisonment, which was within the guidelines range of 51 to 85 months. Thus, defendant's within-guidelines sentence is presumed proportionate, and defendant bears the burden of presenting unusual circumstances rendering his presumptively proportionate sentence disproportionate. On appeal, however, defendant does not acknowledge this Court's jurisprudence requiring a defendant challenging the proportionality of a within-guidelines sentence to present unusual circumstances sufficient to rebut the proportionality presumption, nor does defendant allege the existence of any unusual circumstances. Rather, defendant argues that he has rebutted the presumption of proportionality by demonstrating that the sentence imposed was disproportionate to the circumstances surrounding the offense and the offender. Specifically, defendant argues that his sentence is disproportionate in light of his background, including his age and lack of prior criminal history, and the reasons for the revocation of his HYTA status, which demonstrate his impulsivity and struggles with attention deficit hyperactivity disorder (ADHD). Defendant also argues that his sentence is disproportionate to the circumstances surrounding the offense, including that: (1) he and ML were both 17 at the time of the offense and faced cognitive challenges; (2) the penetration was digital and not penile; (3) when ML stated that she did not want to have sexual intercourse, defendant complied and did not have sexual intercourse with ML; (4) ML did not suffer injuries requiring medical attention; (5) the assault was spontaneous and unplanned; and (6) he did not flee or attempt to interfere with the investigation.

To the extent that defendant could be construed as arguing that the circumstances surrounding the offense and the offender constituted unusual circumstances sufficient to rebut the presumption of proportionality, we disagree. With respect to the circumstances surrounding the offender, defendant argues that his lack of prior criminal history and his age render his within-guidelines sentence disproportionate. A defendant's lack of criminal history, however, is not an unusual circumstance sufficient to rebut the presumption of proportionality. *People v Daniel*, 207 Mich App 47, 54; 523 NW2d 830 (1994). Nor does the fact that defendant was 18 years old at the time of the offense constitute an unusual circumstance sufficient to overcome the proportionality presumption. See *People v Piotrowski*, 211 Mich App 527, 532-533; 536 NW2d 293 (1995) (holding that the age of the defendant, who was 17 years old at the time of the offense, did not constitute an unusual circumstance). Nor has defendant established that his impulsivity and struggles with ADHD are unusual circumstances sufficient to rebut the presumption of proportionality. Defendant presents no authority holding that a defendant's impulsivity or mental illness are unusual circumstances rebutting the presumption of proportionality. Accordingly, defendant has not established that the circumstances surrounding his background and the revocation of his HYTA status, namely his lack of a criminal record, age, impulsivity, and ADHD diagnosis, are unusual circumstances sufficient to rebut the presumption that his within-guidelines sentence was proportionate.

Nor has defendant established that the circumstances surrounding the offense constitute unusual circumstances rendering his presumptively proportionate sentence disproportionate. Defendant argues that his sentence is disproportionate to the circumstances of the offense because both he and ML were 17 years old at the time of the offense, and they both faced mental challenges; namely, defendant struggled with "enormous cognitive challenges" and ML had autism. As an

-6-

initial matter, defendant was born in January 1999, and the offense in Docket No. 356127 occurred on September 19, 2017. Thus, at the time of the offense, ML was 17 years old and defendant was 18 years old. As noted earlier in this opinion, defendant's age is not an unusual circumstance sufficient to rebut the presumption of proportionality. *Piotrowski*, 211 Mich App at 532-533. Moreover, though evidence was presented demonstrating that defendant struggled with ADHD, there is no record support for defendant's assertion that he struggled with "enormous cognitive challenges." Even if this was supported by the record, however, defendant presents no authority holding that a defendant's cognitive challenges are unusual circumstances sufficient to rebut the presumption of proportionality. Accordingly, defendant has not established that his cognitive challenges constitute an unusual circumstance rendering his presumptively proportionate sentence disproportionate.

Defendant also argues that his sentence is disproportionate to the circumstances of the offense because the penetration was digital, not penile. Defendant presents no authority holding that digital penetration, as opposed to penile penetration, is an unusual circumstance sufficient to rebut the proportionality presumption. Defendant was charged with CSC-III on the basis that he digitally penetrated ML; thus, the fact that defendant penetrated ML with his finger, rather than his penis, is not an unusual circumstance when digital penetration was the very basis of the charge brought against defendant.

Defendant also argues that his sentence is disproportionate because, when ML stated that she did not want to have intercourse, defendant complied and did not engage in sexual intercourse with ML. But defendant presents no authority finding an unusual circumstance in this situation. Moreover, defendant was charged with one count of CSC-III relative to his assault of ML, premised upon digital penetration, and offense variable (OV) 11, which considers the number of criminal sexual penetrations, MCL 777.41, was appropriately assessed 25 points for one penetration. Considering the lack of authority holding that this is an unusual circumstance, and that defendant was not charged with or assessed points for penile penetration, the fact that defendant did not penetrate ML with his penis is not an unusual circumstance sufficient to rebut the presumption of proportionality.

Defendant also argues that his sentence was disproportionate because ML did not suffer injuries requiring medical attention, the assault was spontaneous and unplanned, and defendant did not flee or attempt to interfere with the investigation. But, again, defendant presents no authority holding that these circumstances constitute unusual circumstances sufficient to rebut the presumption of proportionality. With respect to defendant's argument that ML did not suffer injuries requiring medical attention, this factor was explicitly considered by OV 3, MCL 777.33, which was assessed five points for bodily injury not requiring medical treatment to a victim. Because this factor was explicitly considered by the sentencing guidelines, and defendant's sentence is presumed proportionate because it was within the guidelines minimum range, this factor does not constitute an unusual circumstance rendering defendant's presumptively proportionate sentence disproportionate.

Considering the lack of authority holding that any of the circumstances presented by defendant are unusual circumstances sufficient to rebut the presumption of proportionality, defendant has not established the existence of any unusual circumstances and, thus, has not rebutted the presumption that his within-guidelines sentence was proportionate to the offense and

the offender. Defendant, therefore, has failed to establish that the trial court abused its discretion by imposing defendant's within-guidelines sentence in Docket No. 356127.

### III. CONCLUSION

In Docket No. 356124, we remand to the trial court to articulate its reasoning for departing from the guidelines range or for resentencing. In Docket No. 356127, we affirm. We retain jurisdiction.

/s/ Mark T. Boonstra
/s/ Kathleen Jansen
/s/ Noah P. Hood

# Court of Appeals, State of Michigan

# ORDER

PEOPLE OF MI V JAMES ISAAM HAMAMEH

Docket No.     356124; 356127

LC No.          2017-004602-FH; 2017-004603-FH

Mark T. Boonstra
Presiding Judge

Kathleen Jansen

Noah P. Hood
Judges

---

We REMAND in Docket No. 356124 to the trial court for articulation of its reasons for imposing a departure sentence or for resentencing.  The proceedings on remand are limited to this issue. The trial court shall make findings within 28 days.  We affirm defendant's sentence in Docket No. 356127.

Appellant must file with this Court copies of all orders entered on remand within seven days of entry.

_____
Presiding Judge

A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

October 22, 2024
Date

_____
Chief Clerk